**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

JUSTIN T. BROOKS, #307873,

        Petitioner,

v.                                                                                                  ACTION NO.
                                                                                                    2:04cv538

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**<u>UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

**I. <u>STATEMENT OF THE CASE</u>**

**A. <u>Background</u>**

Petitioner Justin T. Brooks ("Brooks") was convicted in the Circuit Court for the County of Stafford on December 19, 2001 of possession of cocaine with intent to distribute and was sentenced on March 11, 2002, to a term of fifteen years imprisonment.

The Court of Appeals of Virginia affirmed Brooks' conviction on March 4, 2003 in an unpublished opinion, and denied Brooks' petition for rehearing *en banc* on April 18, 2003. The

Supreme Court of Virginia dismissed Brooks' petition for appeal on July 2, 2003, because he failed to file a notice of appeal. On November 26, 2003, Brooks filed a habeas petition in the Supreme Court of Virginia which was denied on May 18, 2004.

Brooks, presently in the custody of the Virginia Department of Corrections at the Lawrenceville Correctional Center in Lawrenceville, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 9, 2004. On December 22, 2004, respondent filed a Motion to Dismiss with an accompanying brief in support. Brooks filed a response to the Motion to Dismiss on January 13, 2005.

## B. Grounds Alleged

Brooks asserts that the following entitle him to relief under 28 U.S.C. § 2254:

(a) he was denied effective assistance of counsel due to his counsel's failure to have Shemeka Jones present as a witness at trial to testify on his behalf; and,

(b) he was denied effective assistance of counsel due to his counsel's failure to conduct a proper pre-trial investigation.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for this Court to address the merits of this habeas petition all of Brooks' claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir.), cert. denied, 510 U.S. 984 (1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (citing Brown v. Allen, 344 U.S. 443, 447,

73 S.Ct. 397, 97 L.Ed. 469 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Brooks' petition to the Virginia Supreme Court for a writ of habeas corpus contained the same claims raised in the present petition; therefore Brooks' Grounds (a) and (b) meet the exhaustion requirement.

The Virginia Supreme Court denied Grounds (a) and (b) on May 18, 2004, based on the merits and the holding in Strickland v. Washington, 466 U.S. 668 (1984), the controlling standard for ineffective assistance of counsel claims. In order to recommend granting Brooks' relief on his ineffective assistance of counsel claims, this Court must find that the Virginia Supreme Court's dismissal of Brooks' claims was an unreasonable application of Strickland. Strickland requires the Virginia Supreme Court to analyze Brooks' claims under a two-prong test: competence and prejudice. To have granted relief, the Virginia Supreme Court would have to have found that (1) Brooks' lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690 (the "competence prong" of the test); and (2) there is a reasonable probability that but for the deficient performance by counsel the ultimate result would have been different. Strickland, 466 U.S. at 694 (the "prejudice prong" of the test). Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The Supreme Court of Virginia thoroughly considered Brooks' claims reflected in Grounds (a) and (b) of his petition, and clearly articulated its application of Strickland v. Washington to the facts in this case. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). This Court may not grant relief on any claim that was adjudicated on the merits in a state court unless such adjudication is contrary to law or involves an unreasonable determination of facts. 28 U.S.C. § 2254(d). This Court

cannot find that the Virginia Supreme Court's adjudication on the merits was contrary to law or involves an unreasonable determination of facts.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Brooks' petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss should be GRANTED.

Brooks' Grounds (a) and (b) should be DENIED because they were previously adjudicated by the Supreme Court of Virginia on the merits and based on the holding in Strickland and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

Brooks' request for an evidentiary hearing is hereby DENIED.

Brooks has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days

permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984), <u>cert. denied</u>, 474 U.S. 1019 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

May 6, 2005

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Joseph T. Brooks, #307873
Lawrenceville Correctional Center
1607 Planters Road
Lawrenceville, VA  23868


Donald E. Jeffrey, III, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA  23219


                                                    Elizabeth H. Paret, Clerk


                                      By _____
                                             Deputy Clerk

                                      May      , 2005